IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ARTHUR PAUL MARTIN,**

        Petitioner,

vs.                                                Civ. No. 10-746 RB/RHS

**TIMOTHY HATCH,** Warden, and
**GARY K. KING,** Attorney General for
the State of New Mexico,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS AND PROPOSED DISPOSITION

Arthur Paul Martin, a prisoner in state custody, seeks relief according to 28 U.S.C. § 2254, which permits this Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner Martin filed his petition on August 11, 2010. (Doc. 1). The State of New Mexico responded on September 14, 2010. (Doc. 7). After a careful review of Petitioner's arguments and the documents submitted for judicial review, it is recommended that the petition be denied and that the case be dismissed with prejudice.

## FACTS

Petitioner entered an apartment and shot a drug dealer (Doc. 2-2 at 7, 13) who the police found dead in a ditch the next day. (Doc. 2-2 at 6). At the time of the crime, there were six individuals in the apartment where the shooting took place: Petitioner, the drug dealer victim (Rodney Mackall), the resident of the apartment who saw Petitioner with a gun (Warren Ward), an acquaintance of Mr. Ward's (Jeffrey Campbell), and two women in a bedroom who were

getting high (Felicia Baca and Julie Garcia). (Doc. 2-2 at 10, 11; Doc. 2 at 5). After the shooting, Petitioner promptly departed. (Doc. 2-1 at 4). Mr. Ward placed the victim's shoes on his own feet and picked up a few dollar bills that were strewn about (Doc. 2-1 at 3). Then Mr. Ward and a colleague, Jeffrey Campbell, transported the body to its temporary resting place in a ditch. (Doc. 2-2 at 12). Ms. Baca and Ms. Garcia remained at the residence to tidy up the blood. (Doc. 2-2 at 12).

Petitioner took a drive to Farmington to stay with an acquaintance. (Doc. 2-1 at 4). When the Farmington acquaintance saw Petitioner on a television show, he contacted law enforcement (Doc. 2-1 at 4). Detective Frank Dart interviewed Petitioner, and Petitioner admitted to being in the apartment to sell crack cocaine, but denied any knowledge of the murder. (Doc. 2-1 at 4).

At Petitioner's trial, Sergeant Brian Lindley testified that Petitioner admitted during an interview to shooting the drug dealer. (Doc. 2-1 at 3). The medical expert testified that a fatal bullet entered the top of the victim's head. (Doc. 2-1 at 4).

## STATE COURT LITIGATION

A jury convicted Petitioner of four counts: first degree murder (willful and deliberate), armed robbery, tampering with evidence, and possession of a firearm by a felon. (Doc. 2-1 at 1, 5). The state trial court entered the judgment and sentence on December 3, 2007. (Doc. 2-1 at 6). Petitioner filed a notice of appeal with the New Mexico Supreme Court on January 3, 2008. (Doc. 2-1 at 7). The New Mexico Supreme Court affirmed his convictions on May 13, 2010. (Doc. 2-3 at 1). Petitioner then timely filed for relief from this Court pursuant to 28 U.S.C. § 2254 on August 11, 2010.

**CONTROLLING LAW**

Petitioner asserts five grounds for relief under 28 U.S.C. § 2254, the law which allows a federal court to grant habeas corpus relief to a prisoner in state custody. This statute has multiple steps that Petitioner must satisfy before relief can be granted. First, Petitioner must show that he "is in state custody in violation of the Constitution or laws or treaties of the United States." 2254(a). Second, Petitioner must show that he "has exhausted the remedies available in the courts of the State." 2254(b)(1)(A). The State concedes that Petitioner has satisfied this requirement. (Doc. 10 at 6). Third, in order to obtain relief, Petitioner must show that the state court proceeding

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). Fourth, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1). When a petitioner challenges the sufficiency of the evidence, generally the petitioner has the burden of producing the state court record or asking the Court to order the state to produce it. § 2254(f).

**ANALYSIS**

The crux of Petitioner's motion is that he did not have a fair trial in state court.

**Ground One: Sixth Amendment Right**

Petitioner argues that he is entitled to habeas corpus relief because the prosecution violated his Sixth Amendment constitutional right to confront witnesses against him at trial. The

prosecution has conceded that Petitioner's Sixth Amendment constitutional right to confront the witnesses against him was violated. (Doc. 10-2 at 16, 18). At the trial, police officers testified to what they learned from speaking with Warren Ward, an individual who was present in the apartment at the time that Petitioner shot and killed Rodney Mackall. (Doc. 10-2 at 17 et seq.). While Petitioner was able to cross-examine the police officers, Petitioner was not able to cross examine Warren Ward because he invoked his Fifth Amendment right not to testify. (Doc. 10-2 at 18).

Trial counsel did not object to this constitutional deprivation, reasons for which will be discussed under Ground Four regarding ineffective assistance of counsel. Because counsel did not object at the trial, this constitutional error was not preserved. Since the issue was not preserved at trial, the New Mexico Supreme Court reviewed Petitioner's Sixth Amendment Confrontation Clause issue under the state's "fundamental error" standard. (Doc. 2-3 at 10). The fundamental error standard requires reversal when a Defendant's guilt is questionable or when the error is the result of "a fundamental unfairness within the system [that] has undermined judicial integrity." State v. Silva, 2008-NMSC-051, ¶ 13. In order to reverse for fundamental error, the error must "shock the conscience." Id.

The New Mexico Supreme Court concluded that the Confrontation Clause violation did not create a fundamental error in Petitioner's case:

> In this case, the evidence presented supports Defendant's convictions even without consideration of Ward's statements. Defendant admitted shooting Victim during an argument. The admission of Ward's statements of the same in no way renders the jury's determination of Defendant's guilt so questionable that our conscience is shocked. The fact that Ward's statements were cumulative of Defendant's own confession also indicates an absence of a "fundamental unfairness" that would undermine the judicial integrity of Defendant's trial. We hold that the error in admitting Ward's statements in violation of Defendant's Confrontation Clause rights was not fundamental and thus does not require reversal.

(Doc. 2-3 at 11-12).

The state's fundamental error standard is similar to the federal harmless error standard for habeas corpus relief. In order to grant habeas corpus relief due to a violation of the federal constitution, the violation must have had "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (internal quotations and citations omitted). The Brecht facts are parallel to Petitioner's case. In Brecht, the defendant shot and killed another individual. The defendant then fled. When apprehended by law enforcement, the Brecht defendant admitted to killing the victim. The Brecht defendant tried to argue that the shooting was an accident, much like Petitioner arguing that he killed his victim in self-defense. During the Brecht state court trial, the prosecutor referred to defendant's silence after receiving Miranda warnings, which violated defendant's right to due process protected by the Fourteenth Amendment. The jury returned a guilty verdict, even after hearing the defendant's accident theory. The United States Supreme Court considered the prosecutor's constitutional violation and the facts that belied the defendant's accident claim (he failed to help the victim, he fled the scene, he lied to law enforcement, the bullet's path was inconsistent with defendant's testimony), and concluded that the constitutional violation was harmless error.

In applying the Brecht harmless error standard to Petitioner's request for habeas corpus relief due to the Confrontation Clause violation, this Court comes to the same conclusion that the Confrontation Clause violation was harmless error. The jury heard that Petitioner admitted to shooting his victim. While Petitioner argued self-defense, the other facts were inconsistent with self-defense. For example, Petitioner freely entered and exited the apartment with a gun; when the argument occurred between Petitioner and victim, Petitioner did not call for help to the other people he knew were in the apartment, in fact, Petitioner told Mr. Ward to go back to the

bedroom; Petitioner did not alert authorities right after the shooting to explain what happened; he fled to another part of the state; and when apprehended, he lied to law enforcement. The fact that the jury also heard testimony from police officers who said Mr. Ward told them that Mr. Ward witnessed an argument between Petitioner and victim does not seem to have any injurious effect on Petitioner's trial. As such, it is concluded that Petitioner is not entitled to habeas corpus relief on the basis that the jury heard Warren Ward's statements through police officer testimony because that error did not harm Petitioner's trial.

### Ground Two: Character Evidence

Petitioner asserts that the trial court allowed impermissible character evidence of Petitioner's gang affiliation, which prejudiced the jury against Petitioner. Petitioner also introduced evidence of his gang affiliation. According to the State's brief to the New Mexico Supreme Court, "Defense counsel, over objection from the State, wanted the jury to know how 'you live and die and get buried as a gang member,' and how one's gang affiliation 'follows him to the grave.'" (Doc. 10-2 at 14).

The alleged impermissible character evidence of gang affiliation evidence issue was not preserved at trial. (Doc. 2-2 at 15). Since Petitioner did not object at the trial to the gang affiliation evidence, there is not any ruling from the trial judge. The New Mexico Supreme Court reviewed the evidentiary ruling for fundamental error and concluded that the trial court did not err. (Doc. 10-2 at 38).

In briefing to the New Mexico Supreme Court and this Court, Petitioner cites the state court evidentiary rule, NMRA 11-404. There is not any assertion that the state trial court violated any federal law by allowing the gang affiliation evidence, so it is unclear what

Petitioner is requesting that this Court review with regard to the habeas corpus petition. For the purposes of this Petition, the state court evidentiary ruling will be judged against Federal Rule of Civil Procedure Rule 404 to determine if federal law was violated. Rule 404 states,

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, *except:* (1) Character of the accused. – *In a criminal case, evidence of a pertinent trait of character offered by an accused,* or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution. . .

(Italics added.) In Petitioner's case, the record indicates that defense counsel raised the issue of the accused's gang affiliation, which was evidence of a pertinent character trait. This evidence is admissible, and the trial court admitted it even over the prosecutor's objection. Therefore, Petitioner has not stated any violation of federal law.

### Ground Three: Sufficiency of the Evidence

Petitioner argues that there was insufficient evidence at trial to support convictions of first degree murder and armed robbery (Doc. 2 at 19, 26) and therefore he is entitled to habeas relief. Petitioner does not specifically allege a violation of a federal right, but it will be construed as such for the purposes of the petition. When a Petitioner claims that there is insufficient evidence for the state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The New Mexico Supreme Court applied a very similar standard when it reviewed Petitioner's sufficiency of the evidence argument on direct appeal. "[W]e reverse a verdict for

insufficient evidence only when no reasonable jury could find guilt beyond a reasonable doubt based on the evidence." (Doc. 10-2 at 48, citing State v. Perea, 2008-NMCA-147 ¶ 5).

The state trial court instructed the jury that in order to find Petitioner guilty of first-degree murder, the jury must find four elements: (1) Petitioner killed Rodney Mackall, (2) the killing was with the deliberate intent to take away the life of Rodney Mackall, (3) Petitioner did not act in self-defense, and (4) the event occurred in New Mexico on or about August 18, 2005. (Doc. 10-2 at 27). The state Supreme Court reviewed the elements that had to be proved beyond a reasonable doubt and the evidence that was presented to the jury. Notably, Petitioner admitted to shooting an unarmed victim, (Doc. 10-2 at 49), which allowed a rational trier of fact to be satisfied that elements one, two and four were met. With regard to the lack of self-defense element, the jury was free to reject Petitioner's version of events, especially given that Petitioner freely entered an apartment with a gun to speak to an unarmed drug dealer and left promptly after killing him. The state Supreme Court concluded that this was sufficient evidence for a first degree murder conviction. (Doc. 10-2 at 49). Applying the federal standard from Jackson v. Virginia, this Court also concludes that there is sufficient evidence to support the conviction and therefore Petitioner is not entitled to habeas corpus relief on this ground.

With regard to the armed robbery charge, the prosecution had to prove beyond a reasonable doubt that (1) Petitioner took and carried away money from victim, (2) Petitioner was armed with a handgun, (3) Petitioner took the money by threatened force or violence, (4) and this event occurred on or around August 18, 2011. Given Petitioner's admission regarding the fact that he had a gun that he used to shoot victim, it appears that the only element possibly in dispute was whether Petitioner took money from victim. The jury heard testimony that Petitioner left the scene with victim's cash. The New Mexico Supreme Court found sufficient

evidence for all of these elements, and this Court agrees with that conclusion.  Petitioner is not entitled to habeas corpus relief on the armed robbery conviction.

### Ground Four: Ineffective Assistance of Counsel

Petitioner alleges that he had ineffective assistance of counsel at his trial.  Petitioner argues that his trial attorney was ineffective by failing to object to testimony provided by police officers regarding (1) hearsay statements from Mr. Ward in violation of the Confrontation Clause and (2) gang affiliation (Doc. 2 at 30-31).  The state concedes in its response that all of Petitioner's claims have been exhausted (Doc. 10 at 6), so we consider Petitioner's claim on the merits.

#### Lack of Objection to Confrontation Clause Violation

The New Mexico Supreme Court considered Petitioner's ineffective assistance of counsel claim based on counsel not making a Confrontation Clause objection when the police officers testified to what Mr. Ward told them.  Counsel did object to this same testimony on hearsay grounds, but counsel did not preserve a Confrontation Clause objection.

The seminal case for reviewing an ineffective assistance of counsel claim is Strickland v. Washington, 466 U.S. 668 (1984).  According to the United States Supreme Court, Petitioner must demonstrate that both (1) his counsel's performance was deficient and (2) that this deficiency prejudiced his defense.  Id. at 687.  To satisfy Strickland's first prong, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688.  This is nearly identical to the state law standard, Lytle v. Jordan, 2001-NMSC-016 ¶ 25, applied by the state Supreme Court.  (Doc. 2-3 at 12).  Petitioner must overcome the strong

presumption that his attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases.  Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994); see Hill v. Lockhart, 474 U.S. 52, 56.  With respect to this prong, Petitioner must also show that defense counsel's performance was not merely wrong, but rather completely unreasonable.  See Hoxsie v. Kerby, 108 F.3d 1239, 1246 (10th Cir. 1997) (citations omitted).

The New Mexico Supreme Court concluded that Petitioner had not met this burden because counsel's lack objection could be a trial tactic since the testimony in question – Warren Ward saying he heard an argument between Petitioner and the victim – was consistent with Petitioner's self-defense theory.  (Doc. 2-3 at 12).  This Court agrees that Petitioner has not demonstrated that his trial counsel was deficient by failing to preserve the Confrontation Clause violation when the testimony presented dovetailed with the self-defense theory.

To satisfy Strickland's second prong, Petitioner must demonstrate that he was prejudiced as a result of counsel's deficient performance.  Because Petitioner has not satisfied Strickland's first prong and both must be satisfied to show ineffective assistance of counsel, there is not any reason to proceed to the second prong.

### Lack of Objection to Gang Affiliation Testimony

Petitioner alleges that his trial counsel was ineffective because counsel did not object to gang affiliation testimony.  Petitioner did not raise this claim to the New Mexico Supreme Court. However, since the state has conceded that all claims are exhausted (Doc. 10 at 6), the Court will consider this on the merits.

To demonstrate ineffectiveness on this point, Petitioner must show that this attorney was completely unreasonable in not making an objection.  As previously discussed under Ground

Two, defense counsel brought in gang affiliation testimony over the prosecutor's objection. If defense counsel introduced gang affiliation evidence, presumably intentionally and as part of overall strategy to best explain why Petitioner shot someone and fled, then it cannot be unreasonable not to object when the prosecution covers the same category of information. In sum, Petitioner has not satisfied Strickland's requirements regarding the lack of objection to gang affiliation and is not entitled to relief.

### Ground Five: Due Process

Petitioner alleges a due process violation. He writes, "a conviction based on a record lacking any relevant evidence as to a crucial element of the offense charged violates due process." Petitioner cites to Smith v. State, 89 N.M. 770, 558 P.2d 39 (1976). This claim appears to repeat the point raised in Ground Three regarding sufficiency of the evidence. The same analysis and conclusion apply here, and Petitioner is not entitled to relief on this ground.

### RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2254 motion. Therefore, the Court recommends that Petitioner's motion (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to

have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

                                               *Robert Hayes Scott*
                                           ROBERT HAYES SCOTT
                                           UNITED STATES MAGISTRATE JUDGE