IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ARTHUR PAUL MARTIN,**

        Petitioner,

vs.                                                                     Civ. No. 10-746 RB/RHS

**TIMOTHY HATCH,** Warden, and
**GARY K. KING,** Attorney General for
the State of New Mexico,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## ANALYSIS, DENYING PETITION FOR HABEAS CORPUS,
## DENYING PENDING MOTIONS AND DISMISSING CIVIL PROCEEDINGS

THIS MATTER comes before the Court on the Magistrate Judge's Analysis and Proposed Disposition (Doc. 11), filed October 18, 2011 which recommends denial of Petitioner-Defendant Arthur Paul Martin's Petition Under 28 U.S.C. § 2254 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1). Petitioner filed objections to the Magistrate Judge's Analysis on November 18, 2011 (Doc. 14). On November 15, 2011, Petitioner also filed a Motion for Supplemental Pleadings (Doc. 15) and a Request for Evidentiary Hearing (Doc. 16).

A party is entitled to file and serve written objections to the proposed findings and recommendations of the designated magistrate judge. 28 U.S.C. § 636(b). For the Court to reconsider the findings and recommendations, Petitioner is required to show "that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In his Objections (Doc. 14), Petitioner notes that, "the Supreme Court's and the Magistrate Judge's Analysis were extremely well-prepared and reflected a valiant effort on behalf of the judiciary

system to maintain a certain fairness in proceedings" (punctuation corrected) (Doc. 14 at 6). In his Objections, Petitioner re-raises the same issues that Judge Scott reviewed and analyzed: the Sixth Amendment Right to confront witnesses against him at trial, admission of character evidence, the sufficiency of the evidence against the Defendant, and ineffective assistance of counsel. This Court agrees with Petitioner that the Magistrate Judge's analysis was well-prepared, and the Court does not find any part of the proposed disposition to be clearly erroneous or contrary to law. Having considered *de novo* those portions to which Petitioner objects, this Court will overrule Petitioner's objections, adopt the Magistrate Judge's Analysis and Proposed Disposition and deny Mr. Martin's 28 U.S.C. § 2254 Motion.

Petitioner filed a Motion for Supplemental Pleadings which "relates to his trial counsel refusing to allow him to take the stand at trial" (Doc. 15). This claim was not raised with the state's highest court (Doc. 2-2) and therefore Petitioner has not exhausted all of his state court remedies before raising it with the federal court. While the State conceded that Defendant exhausted the claims in his petition (Doc. 10 at 6), the claim that trial counsel refused to allow Defendant to take the stand was raised for the first time long after the petition was filed. This Court only has jurisdiction to hear exhausted claims. § 2254(b)(1)(A). If this Court were to grant Petitioner's Motion for Supplemental Pleadings and Petitioner added his unexhausted claim that trial counsel refused to allow him to testify, then the Court would be presented with a mixed petition of exhausted and unexhausted claims. When the Court is presented with a mixed petition, it gives a petitioner the opportunity to voluntarily dismiss the unexhausted claims so that the Court can retain jurisdiction over the exhausted claims. If a petitioner chooses not to voluntarily dismiss the unexhausted claims, then the Court must dismiss the entire petition. Rose v. Lundy, 455 U.S. 509, 522 (1982).

These exhaustion rules applied to this case mean that if the Court granted the Motion for Supplemental Pleadings and Mr. Martin added his unexhausted claim, the Court would have to allow it to be promptly dismissed without adjudication on the merits or the Court would have to dismiss the entire Petition.  Defendant may be time-barred from filing a new habeas corpus petition, which would leave him unable to obtain an adjudication on the merits of any of his claims.  This Court will deny the Motion for Supplemental Pleadings in order to resolve as many claims as possible on the merits.

Petitioner also filed a Request for Evidentiary Hearing (Doc. 16).  At an evidentiary hearing, Petitioner wishes to challenge the presumption of correctness of the state court proceedings, be heard on the "due process violations to the fundamental fairness of the state court proceedings," and "to show that the defense counsel's failure to provide expert witnesses is contrary to state law."  After reviewing Petitioner's § 2254 Motion, the answer, his Objections to the Magistrate's Analysis, and Petitioner's reasons for an evidentiary hearing, it is concluded in compliance with Rule 8(a) of the Rules Governing § 2254 Cases that an evidentiary hearing is not warranted and would not materially assist in rendering a decision in this case.  Therefore, the request for an evidentiary hearing is denied.  The document titled Request for Evidentiary Hearing also contained a request to appoint counsel for the hearing (Doc. 16).  Because a hearing is not warranted, the request for counsel for the hearing will also be denied.  See Rule 8(c) of the Rules Governing § 2254 Cases.

Given that all claims and pending motions have been addressed and Petitioner has not presented any meritorious issue on which to grant habeas corpus relief, this civil proceeding will be dismissed with prejudice.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Analysis and Proposed Disposition (Doc. 11) are adopted by the Court and Petitioner's Objections are hereby overruled.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Supplemental Pleadings is denied, the Request for Evidentiary Hearing is denied, and the request to appoint counsel is denied.

**IT IS FURTHER ORDERED** that the Motion Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus for a Person in State Custody is denied and this civil proceeding is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE